PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $188,570.45 SEIZED FROM EDUCATIONAL EMPLOYEES CREDIT UNION ACCOUNT NUMBER 11062916, HELD IN THE NAME OF DOUGLAS HALDERMAN, and<br><br>APPROXIMATELY $11,700.00 IN U.S. CURRENCY<br><br>Defendants. | VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |

The United States of America, by and through its undersigned attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

**NATURE OF ACTION**

1.  This is a civil action *in rem* to forfeit to the United States Approximately $188,570.45 seized from Educational Employees Credit Union account number 11062916, held in the name of Douglas Halderman (the "Defendant EECU Account") and Approximately $11,700.00 in U.S. Currency (the "Defendant $11,700.00") (hereafter collectively "Defendant Funds") as proceeds of violations of federal firearm laws.

2. The defendant Approximately $188,570.45 was seized from Educational Employees Credit Union account number 11062916 on September 27, 2021, pursuant to a federal seizure warrant. The defendant Approximately $11,700.00 in U.S. Currency was seized on August 26, 2021, during the execution of a federal search warrant from Douglas Halderman ("Halderman") at his residence. The defendant funds are in the custody of the U.S. Marshals Service, Eastern District of California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 981(a)(1)(C).

4. This district is a proper venue pursuant to 28 U.S.C. § 1355 because the acts giving rise to this *in rem* forfeiture action occurred in this district, and pursuant to 28 U.S.C. § 1395(a) because the defendant funds were seized in this district.

## FACTUAL ALLEGATIONS

5. From 2016 through August 2021, Halderman bought and sold machineguns, submachine guns, silencers, and other illegal firearms and firearm-related parts in violation of the National Firearms Act (NFA). Halderman sold weapons to customers located throughout the United States and each weapon's sales price averaged between $1,000 and $3,000. Halderman did not have a license to sell firearms, lacked a traditional storefront, and sold firearms from his residence in Clovis, California.

6. Halderman's firearms crimes relied on importing illegal weapons into the United States, utilizing a specific foreign asset to purchase most of the weapons acquired. Once the weapons were inside the United States, Halderman sold the imported weapons and firearm-related parts throughout the United States via the website www.gunbroker.com under the profile name "Weldorama."

7. On July 8, 2021, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) received information that, starting in March 2020, Halderman sold at least three machinegun kits to an individual in North Carolina. This individual later acted as a Confidential Information (hereinafter the "Buyer" or "CI") and purchased several firearms from Halderman in 2020 and 2021. The Buyer paid for the kits with United States Postal Service (USPS) money orders after finding Halderman on www.gunbroker.com selling a machinegun under his profile name "Weldorama." The Buyer contacted

"Weldorama" through www.gunbroker.com. "Weldorama" replied to the buyer, instructing them to contact him via email at DGHALDERMAN@yahoo.com.

8. Law enforcement has confirmed the details of the March 2020 firearms purchase between The Buyer and Halderman. Specifically, USPS records show that on March 20, 2020, the Buyer sent a package to Halderman containing three USPS money orders totaling $2,500. EECU bank records also confirmed that, on March 25, 2020, Halderman deposited three USPS money orders totaling $2,500.

9. After the March 2020 firearms deal, Halderman and the Buyer communicated via text message, with Halderman sending the Buyer photographs of illegal machineguns, including a Beretta 12, an Uzi, a Mini Uzi, an Austrian Steyr MP181, two Polish RAK-63s, a Czech 61 Skorpian, a Yugo 7.62X39 AK47, and a German HK33 5.56 mm. National Firearm Registration and Transfer Record (NFRTR) records confirmed that Halderman did not have NFA weapons registered to him and was not licensed to sell firearms.

10. On July 15, 2021, Halderman agreed to sell the Buyer an Uzi submachine gun for $2,500 plus $20 for shipping. Halderman also told the Buyer he had additional machineguns for sale, including a RAK-63 submachine gun with a suppressor. On July 20, 2021, law enforcement, working in conjunction with the Buyer, sent three USPS money orders in the amount of $2,520 addressed to Halderman at his Clovis residence. Halderman then deposited the USPS money orders totaling $2,520 into his EECU bank account—three deposits in the amounts of $1,000, $1,000, and $520.

11. On July 26, 2021, law enforcement in North Carolina received a package addressed from Halderman containing an Uzi submachine gun with a single cut through the receiver, which can readily be made or restored into an operational machinegun.

12. That same day, the Buyer texted Halderman inquiring about the RAK-63 with a "can" (silencer) and the Yugoslavian AK-47 he mentioned in a July 15th conversation. Halderman agreed to sell both firearms and the silencer for $7,500.00.

13. On July 28, 2021, law enforcement acquired photographs of an individual sending the package containing the Uzi submachine gun from a self-serve kiosk at the USPS located at 655 Minnewawa Avenue, Clovis, CA 93612. The individual was identified as Halderman by comparing the kiosk photographs to a picture of Halderman's California driver's license.

Verified Complaint for Forfeiture *In Rem*

14. On August 3, 2021, law enforcement sent $7,500.00 in control-buy USPS money orders to Halderman for the purchase of the firearms and silencer negotiated on July 26, 2021. USPS records show that Halderman deposited the money orders into the defendant EECU Account on August 6, 2021.

15. On August 11, 2021, law enforcement—via The Buyer—received three packages from Halderman; the postage indicated the package was sent from Haldeman's Clovis residence. The packages contained a RAK-63 machinegun, a Yugoslavian AK-47 machinegun, a silencer, and a holster.

16. On August 22, 2021, the Buyer contacted Halderman requesting to purchase a Polish PPS-43, a Russian PPSH-41, a Czechoslovakian VZ-61, a Galil SAR, a Czechoslovakian VZ-58, and a German HK-33 for $15,000.00. Halderman rejected the offer and stated that he would be losing money if he sold them at that price. Halderman countered to sell the six items for $28,000.00. Halderman however, eventually agreed to sell the Galil SAR, VZ-61, VZ-24/26, and the PPS-43 for $15,000.00.

17. On August 26, 2021, law enforcement executed a federal search warrant at Halderman's Clovis residence. During the search, law enforcement seized approximately 130 machineguns and silencers. In the trash can outside, law enforcement found a box with a UPS label addressed to Halderman at the Clovis residence, with a return address for an individual in Germany. Law enforcement also found multiple USPS receipts with names of buyers and the corresponding "parts kits" sold to that named individual. Inside Halderman's private safe, law enforcement found $11,700.00 in U.S. Currency, all in $100 denominations.

18. On the day of the search, law enforcement interviewed Halderman, and he acknowledged keeping records of each firearm he sold, stating that he sold between 150 to 250 machineguns from 2007 to the present. In fact, Halderman directed law enforcement to the exact location of his firearm sales ledger inside his residence. Halderman's ledger documented his monthly firearms sales from February 2019 through August 2021, as detailed below:

19. 2019 – 32 "kits" for $56,883.

  2020 – 50 "kits" for $141,162.

  2021 –Sales of $49,845 based on unknown number of sold "kits".

20. Halderman admitted to selling "parts kits" on www.gunbroker.com and www.gunsamerica.com, referring to the products sold as "parts kits" because the firearms did not

function as a result of the inserted cut to the barrel stock or other infrastructure item.  However, the purchaser could easily modify or replace the "cut" item to produce a fully functioning—and illegal—firearm.

21.     Halderman said that he purchased the machineguns through the German website "WAFFENDOFFELHANDLE.COM."  Halderman told law enforcement that receivers are not considered firearms in Europe—only the barrel is considered a firearm.  Halderman revealed that he purchased firearms without barrels from an individual in Germany who shipped them from Germany to Halderman's Clovis residence.  Once the firearms arrived in Clovis, Halderman purchased matching barrels for the firearms, completing the firearm's functionality, and then sold them online on via www.gunbroker.com or www.gunsamerica.com.  Halderman explained that his German seller typically emailed a list of available machineguns, which Halderman then purchased for $500 to $1,000.  After completing the gun assembly, Halderman sold each machinegun for between $1,000 and $4,500 each, earning a handsome profit.  Halderman confirmed that 100% of his sales were online and that he lacked the required tax stamp to possess NFA weapons.  Halderman also did not possess the necessary importer's license to import firearms.

22.     Halderman also confessed to using his PayPal account to transfer funds to his German seller in exchange for the machineguns.  Halderman admitted to depositing his illegal proceeds from machineguns sale into his EECU savings account—the defendant EECU Account.

**TRACING THE DEFENDANT EECU ACCOUNT**

23.     Law enforcement reviewed records from PayPal Holdings, Inc. ("PayPal") and the defendant EECU Account for financial activity related to Halderman to establish the total amount of firearms proceeds and other facts related to the volume of Halderman's illegal firearms business.  PayPal records identified four PayPal accounts owned by Halderman and connected to his email DGHALDERMAN@yahoo.com.  One of the four PayPal accounts, account number 1480203061030376735 ("PayPal *6735") was linked to the defendant EECU Account and the sole source of PayPal deposits into the EECU Account.

24.     PayPal records show that, from January 1, 2020 through August 31, 2021, Halderman, using PayPal *6735, conducted 49 transactions totaling $50,934.47.  Records for PayPal *6735 show the

$50,934.47 were transferred to a PayPal account for Halderman's German seller. PayPal records and EECU bank statements show that the defendant EECU Account sourced Halderman's PayPal transactions with the German seller.

25. EECU records show that, from January 1, 2020 through August 31, 2021, Halderman received $183,137.30 from customers who bought Uzis, machinegun parts kits, submachine parts kits, and other illegal weaponry and related parts. Halderman received the $183,137.30 through PayPal transfers ($86,018.95), cashier's checks, and money orders, and the $183,137.30 includes the CI's purchases of illegal weapons in July 2020 ($2,520) and August 2020 ($7,500). Each transaction corresponded to a specific client identified in Halderman's customer list or firearms shipment calendar. Since 2016, the defendant EECU Account consisted primarily of illegal weapons proceeds, with increased balances from 2019 to 2021, and corresponding transfers to the German associate to purchase illegal weapons. Bank records show that Halderman received funds for selling illegal weapons starting in at least 2016, and very minimal activity unrelated to transactions for illegal weapons.

26. On September 27, 2021, based on the above, law enforcement executed a federal seizure warrant to seize the defendant EECU Account totaling $188,570.45. *See* Case No. 1:21-SW-00315-SKO.

27. On October 7, 2021, Halderman was charged in the Eastern District of California with various federal firearm violations, including dealing firearms without a license, unlawful transfer of machinegun, transfer of unregistered firearm, and illegal importation of firearms. *United States v. Douglas Gene Halderman*, Case 1:21-CR-00242-DAD-BAM. The Indictment included a forfeiture provision to forfeit any and all proceeds related to the illegal firearms sales and, on January 20, 2022, the defendant assets were specifically identified as forfeitable proceeds via a Bill of Particulars. *Id.*, ECF 16.

### FIRST CLAIM FOR RELIEF
### 18 U.S.C. § 981(a)(1)(C)

28. Paragraphs one to twenty-seven are incorporated by reference as though fully set forth herein.

6

Verified Complaint for Forfeiture *In Rem*

29. The United States alleges that the defendant funds were derived from proceeds traceable to an offense constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), which incorporates the definition of "specified unlawful activity" found in 18 U.S.C. § 1961(1) and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). Unlawful importation of firearms, a violation of 18 U.S.C. § 922(l), constitutes "specified unlawful activity."

## SECOND CLAIM FOR RELIEF
### 18 U.S.C. § 981(a)(1)(A)

30. Paragraphs one to twenty-nine are incorporated by reference as though fully set forth herein.

31. The United States alleges that the defendant funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because they were involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957. Specifically, certain individuals knowingly engaged or attempted to engage in a monetary transaction in criminally derived property from a specified unlawful activity. Unlawful importation of firearms, a violation of 18 U.S.C. § 922(l), and money laundering, a violation of 18 U.S.C. § 1957, constitute "specified unlawful activity" as defined in 18 U.S.C. § 1961(1).

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that:

1. Process issue according to the procedures of this Court in cases of actions *in rem*;

2. Any person having an interest in said defendant funds be given notice to file a claim and to answer the complaint;

3. The Court enter a judgment of forfeiture of the defendant assets to the United States; and

4. The Court grant such other relief as may be proper.

Dated: January 8, 2025

PHILLIP A. TALBERT
United States Attorney

By:   /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

**VERIFICATION**

I, Jacob W. Hudson, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: January 8, 2025

/s/ Jacob W. Hudson
JACOB W. HUDSON
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives
(Original signature retained by attorney)